UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-AR1,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | No. 14 C 8509<br><br>Judge Darrah<br><br>Formerly Case No. 2014-CH-15028, Circuit Court of Cook County, Illinois |

## UNITED STATES' MOTION TO DISMISS

The United States of America, by its attorney Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves for dismissal of Deutsche Bank's complaint under Federal Rule 12(b)(6) as the United States has not waived sovereign immunity as to the claim asserted and Deutsche Bank no longer has a mortgage upon which to base a foreclosure action, and states as follows.

### Introduction

1. Having obtained title to a condominium through a confirmed judicial sale, Deutsche Bank now asserts a claim for strict foreclosure against the United States, which holds a properly recorded lien against the property. Deutsche Bank should have included the United States as a defendant in its prior foreclosure action, but it failed to do so. The action fails to state a claim for two reasons. First, the United States is entitled to sovereign immunity, and this action does not fall within the applicable sovereign immunity waiver statute, 28 U.S.C. § 2410.

Second, where a mortgagee takes title to property via a confirmed judicial sale, the mortgage is extinguished. With its mortgage extinguished, Deutsche Bank has no basis for seeking foreclosure. For these reasons, dismissal is warranted under Federal Rule 12(b)(6).

**Background**

2. The United States has a lien against the condominium in the original amount of $531,810, recorded on October 20, 2011. Compl. ¶ 10. Deutsche Bank commenced a foreclosure proceeding in state court against the condominium mortgage on July 13, 2012—after the United States recorded its lien—but failed to include the United States as a defendant. Compl. ¶¶ 3, 11. The state court entered a judgment of foreclosure and sale in favor of Deutsche Bank; Deutsche Bank purchased the property; the state court confirmed the sale; and Deutsche Bank recorded the judicial deed. Compl. ¶¶ 4, 5, 6. Despite acknowledging that the United States had recorded its lien interest, Deutsche Bank maintains that it was unaware of the United States' interest "until long after judicial confirmation of sale." Compl. ¶ 11. Deutsche Bank offers no explanation for this discrepancy. Now, Deutsche Bank seeks entry of an order of strict foreclosure against the United States and claims the United States "is not entitled to a period of redemption." Compl. ¶¶ 9, 13.

**Argument**

3. Dismissal is appropriate where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To evaluate if a complaint should advance past pleading, a court should determine if the complaint sets forth "plausible grounds" from which the court may reasonably infer the defendant's liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

2

4. A short review of the prerequisites and purposes of strict foreclosures illuminates why Deutsche Bank's complaint fails to state a viable claim. In cases where the United States has consented to be sued in a foreclosure of its lien interest, state law governs divestiture of the federal lien "except to the extent that Congress may have entered the field" (*United States v. Brosnan*, 363 U.S. 237, 241 (1960)), so this review focuses on Illinois's law governing strict foreclosure. It "is only in strong cases, which form exceptions, that there should be decreed strict foreclosure." *Pruett v. Midkiff*, 273 Ill.App. 142, 144 (1933). Strict foreclosure is appropriate where "the property is of less value than the debt for which it is mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt." *Carpenter v. Plagge*, 192 Ill. 82, 99 (1901); *Pruett*, 27 Ill.App. 144. Strict foreclosure alleviates "the necessity of conducting a judicial sale of the property." *Great Lakes Mortgage Corp. v. Collymore*, 14 Ill.App.3d 68, 71 (1973).

5. Deutsche Bank's complaint fails to allege grounds from which the court may plausibly infer relief for two reasons. *First*, Deutsche Bank's complaint does not allege facts that establish sovereign immunity waiver. The "United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal citations and punctuation omitted). Courts must construe statutes that waive immunity "strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951). If the United States has waived sovereign immunity here, it is under 28 U.S.C. § 2410, which describes the conditions under which the United States may be sued to quiet title to or foreclose on real property to which the United States has a lien. *See* 28 U.S.C. § 2410(a). The statute expressly requires that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, *must seek judicial sale*" and that "the United States shall have one year from

3

the date of sale within which to redeem." 28 U.S.C. § 2410(c) (emphasis supplied). Here, Deutsche Bank seeks strict foreclosure, a remedy in which there is *no* judicial sale (*Great Lakes Mortgage Corp.*, 14 Ill.App.3d at 71) and seeks to deprive the United States of its right to redeem (Compl. ¶ 9). As Deutsche Bank's strict foreclosure proceeding would eliminate a judicial sale and the United States' right of redemption, it runs afoul of section 2410(c)'s prerequisites to waiver of sovereign immunity, without which waiver Deutsche Bank cannot prevail.

6. *Second*, Deutsche Bank fails to allege the prerequisites for a claim of strict foreclosure, which are: "the property is of less value than the debt for which it is mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt." *Carpenter*, 192 Ill. at 99. Each of these elements presumes the existence of a valid mortgage. Deutsche Bank does not allege that it continues to hold a mortgage against the condominium, nor could it. Following a foreclosure judgment and sale, mortgage merges into title and ceases to exist. *See In re Tynan*, 773 F.2d 177, 178 (7th Cir. 1985) (citing *First Financial Savings and Loan Ass'n v. Winkley*, 29 B.R. 771, 773 (N.D. Ill. 1983)). As such, sale confirmation causes liens not named in the foreclosure action to elevate above the priority of the foreclosing lienholder. *See Southern Bank of Lauderdale County v. Internal Revenue Service*, 770 F.2d 1001, 1007 (11th Cir. 1985). Absent a valid existing mortgage, Deutsche Bank has no basis for commencing its strict foreclosure action.

7. As Deutsche Bank has not pleaded facts establishing a waiver of the United States' sovereign immunity or the continued existence of a mortgage on the subject condominium, it has not set forth plausible grounds to establish liability for the United States. Dismissal is appropriate.

WHEREFORE, the United States requests the court dismiss this case.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Michael J. Kelly
    MICHAEL J. KELLY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    michael.kelly@usdoj.gov