UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-ARI, | ) ) ) ) ) ) ) ) | |
| | ) | Case No. 14 C 8509 |
| Plaintiff, | ) ) | Judge John W. Darrah |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deutsche Bank National Trust Company filed suit in state court, seeking to foreclose Defendant United States of America's interest in the property located at 1324 North Geneva Drive, Unit 3B, Palatine, IL, 60074. Defendant removed the action to federal court and filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12 (b)(6), arguing that the United States has not waived sovereign immunity as to the claim asserted and that Deutsche Bank no longer has a mortgage upon which to base a foreclosure action.

## BACKGROUND

The following facts are taken from the Complaint, which is accepted as true for purposes of resolving the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763. On October 20, 2011, the United States recorded a lien, in the amount of $531,810.00, on the real property in question. (Compl., ¶10.) On July 13, 2012, Deutsche Bank commenced a

foreclosure proceeding in state court against their mortgage on the property but inadvertently failed to include the United States as a defendant. (Compl., ¶¶ 3, 8.) The state court entered a Judgment of Foreclosure and Sale in favor of Deutsche Bank, and Deutsche Bank purchased the property. (Compl., ¶ 4.) The state court confirmed the sale, and Deutsche Bank recorded the judicial deed. (Compl, ¶¶ 5-6.) Deutsche Bank now seeks an entry of an order of Strict Foreclosure against the United States. (Compl.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081. A motion to dismiss does not evaluate "whether a plaintiff will ultimately prevail" but, instead, whether the plaintiff is entitled to present evidence in support of the claims. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

**ANALYSIS**

Defendant argues that this suit must be dismissed because the United States has not waived its sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940)). The Government's sovereign immunity is waived only where that waiver is "unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (internal citations and quotations omitted). The Government's consent to be sued is strictly construed "in favor of the sovereign" and may not be "enlarged beyond what the language requires." *Id.* at 34.

By statute, "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter to foreclose a mortgage or other lien upon." 28 U.S.C. § 2410(a)(2). But "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." 28 U.S.C. § 2410(c). The parties agree that this statute controls whether the Government has waived sovereign immunity in the present action but disagree as to the statute's scope.

Plaintiff filed a strict foreclosure action in Illinois state court, pursuant to 735 Ill. Comp. Stat. 5/15-1603.5. The statute provides for the strict foreclosure of an "omitted subordinate interest" where: "(1) the real estate is the subject of a foreclosure action under this Article; (2) a motion to confirm judicial sale . . . is either pending or has been granted; (3) the interest attached to the real estate prior to the filing or recording of any notice . . . ; and (4) the person who has the interest was not named in the foreclosure complaint." 735 Ill. Comp. Stat. 5/15-1603.5(a). Plaintiff argues the state statute gives them authority to name the United States as an omitted subordinate interest and seek a strict foreclosure action.

While the state statute provides for strict foreclosure against an inadvertently omitted subordinate interest, whether the United States has waived sovereign immunity is determined by § 2410. Plaintiff cites *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623 (3d Cir. 2002), and argues that a literal reading of § 2410 is not required. However, *Hussain* states that "courts have taken a more inclusive approach to the types of *underlying relief*, such as quiet title and interpleader suits." *Hussain*, 311 F.3d at 630 (emphasis added). *Hussain* also reiterates that "when the issue concerns the priority of an existing government mortgage or other security interest . . . the determination of sovereign immunity is *strict*." *Id.* (emphasis added.) Under a strict reading of § 2410, the United States may be named a party only when the suit seeks a judicial sale. In this instance, the judicial sale has already taken place, and Plaintiff seeks strict foreclosure. Because Plaintiff seeks strict foreclosure and not a judicial sale, the United States has not waived sovereign immunity.

The sovereign immunity issue is dispositive; therefore, the mortgage issue is not necessary to address.

## CONCLUSION

Because the United States has not waived sovereign immunity, Defendant's Motion to Dismiss [3] is granted without prejudice. Plaintiff may file an amended complaint consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure within thirty days of the entry of this Order.

Date: April 16, 2015

JOHN W. DARRAH
United States District Court Judge